UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL HANDY,<br><br>        Plaintiff,<br><br>    v.<br><br>DAVID CASTILLO,<br><br>        Defendant. | Case No.: 1:22-cv-01160-NODJ-SKO (PC)<br><br>**FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED FOLLOWING SCREENING OF PLAINTIFF'S FIRST AMENDED COMPLAINT**<br><br>**14-DAY OBJECTION PERIOD** |

Plaintiff Michael Handy is a state prisoner proceeding pro se and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C § 1983.

**I.   INTRODUCTION**

The Court issued its First Screening Order on June 8, 2023. (Doc. 9.) Plaintiff's original complaint failed to state a claim upon which relief could be granted and Plaintiff was granted leave to file an amended complaint. (*Id*.) When Plaintiff did not file a first amended complaint following issuance of the screening order, the Court issued Findings and Recommendations to Dismiss Action for Failure to Obey Court Orders and Failure to Prosecute on July 11, 2023. (Doc. 11.)

On July 31, 2023, the Court issued its "Order Vacating Findings and Recommendations to Dismiss Action for Failure to Obey Court Orders and Failure to Prosecute and Order Partially

Granting Motion for Extension of Time Within Which to File First Amended Complaint." (Doc. 13.) Plaintiff was ordered to file a first amended complaint within 21 days. (*Id*. at 3.) On August 8, 2023, Plaintiff filed his first amended complaint. (Doc. 14.)

## II. SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). The Court should dismiss a complaint if it lacks a cognizable legal theory or fails to allege sufficient facts to support a cognizable legal theory. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

## III. PLEADING REQUIREMENTS

### A. Federal Rule of Civil Procedure 8(a)

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513 (2002). A complaint must contain "a short and plain statement of the claims showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz*, 534 U.S. at 512 (internal quotation marks & citation omitted).

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Id*. (quoting *Twombly*, 550 U.S. at 570). Factual allegations are accepted as true, but legal conclusions are not. *Id*. (citing *Twombly*, 550 U.S. at 555).

The Court construes pleadings of pro se prisoners liberally and affords them the benefit of any doubt. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citation omitted). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations," not his legal

1   theories. *Neitzke v. Williams*, 490 U.S. 319, 330 n.9 (1989). Furthermore, "a liberal interpretation
2   of a civil rights complaint may not supply essential elements of the claim that were not initially
3   pled," *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (internal
4   quotation marks & citation omitted), and courts "are not required to indulge unwarranted
5   inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation
6   marks & citation omitted). The "sheer possibility that a defendant has acted unlawfully" is not
7   sufficient to state a cognizable claim, and "facts that are merely consistent with a defendant's
8   liability" fall short. *Iqbal*, 556 U.S. at 678 (internal quotation marks & citation omitted).

**B. Linkage and Causation**

10  Section 1983 provides a cause of action for the violation of constitutional or other federal
11  rights by persons acting under color of state law. *See* 42 U.S.C. § 1983. To state a claim under
12  section 1983, a plaintiff must show a causal connection or link between the actions of the
13  defendants and the deprivation alleged to have been suffered by the plaintiff. *See Rizzo v. Goode*,
14  423 U.S. 362, 373-75 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the
15  deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative
16  act, participates in another's affirmative acts, or omits to perform an act which he is legal required
17  to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740,
18  743 (9th Cir. 1978) (citation omitted).

**IV.   DISCUSSION**

**A. Plaintiff's First Amended Complaint**

21  Plaintiff names Kern Valley State Prison Correctional Officer David Castillo as the sole
22  defendant in this action. (Doc. 14 at 1-2, 7-8.) He asserts a single claim for relief and seeks
23  monetary damages. (*Id*. at 6, 11.) Plaintiff attaches copies of Incident Report Package forms
24  concerning the incident at issue, bearing Report No. IRTR161-12. (*Id*. at 12-15.)

**B. Plaintiff's Factual Allegations**

26  Plaintiff contends that on or about December 24, 2020, he refused housing with another
27  inmate "due to the COVID-19 pandemic." (Doc. 14 at 3.) Plaintiff alleges he "was prone out and
28  in handcuffs behind [his] back when out of the blue" Defendant Castillo punched him twice in the

3

1  mouth. (*Id*.) He contends Castillo placed both of his hands on Plaintiff's head and used his right
2  fist to punch Plaintiff "in the facial area 2 times." (*Id*. at 9.) Plaintiff's injuries included a
3  "[b]usted lip, loosened front teeth, and pain." (*Id*. at 3.)

### C. Plaintiff's Eighth Amendment Claim

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006). The unnecessary and wanton infliction of pain violates the Cruel and Unusual Punishments Clause of the Eighth Amendment. *Hudson v. McMillian*, 503 U.S. 1, 5 (1992) (citations omitted). Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. *Farmer v. Brennan*, 511 U.S. 825, 832–33 (1994) (quotations omitted).

As courts have succinctly observed, "[p]ersons are sent to prison as punishment, not *for* punishment." *Gordon v. Faber*, 800 F. Supp. 797, 800 (N.D. Iowa) (quoting *Battle v. Anderson*, 564 F.2d 388, 395 (10th Cir. 1977)) (citation omitted). "Being violently assaulted in prison is simply not part of the penalty that criminal offenders pay for their offenses against society." *Farmer,* 511 U.S. at 834 (internal quotation marks & citation omitted).

A correctional officer engages in excessive force in violation of the Cruel and Unusual Punishments Clause if he (1) uses excessive and unnecessary force under all the circumstances, and (2) "harms an inmate for the very purpose of causing harm," and not "as part of a good-faith effort to maintain security." *Hoard v. Hartman*, 904 F.3d 780, 788 (9th Cir. 2018). In other words, "whenever prison officials stand accused of using excessive physical force …, the core judicial inquiry is … whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson*, 503 U.S. at 6-7. In making this determination, courts may consider "the need for application of force, the relationship between that need and the amount of force used, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of a forceful response." *Id.* at 7. Courts may also consider the extent of the injury suffered by the prisoner. *Id.* However, the absence of serious injury is not determinative. *Id.*

4

### D. Analysis

The Court finds the exhibits attached to Plaintiff's first amended complaint contradict his excessive force claim and are fatal to his claim.

Castillo's Incident Report Statements

In the Incident Report Package dated December 24, 2020, prepared by D. Castillo, Castillo states he responded to a battery on a peace officer call and observed "multiple officers struggling with an inmate on the ground near the stairway, later identified as Inmate Handy." (Doc. 14 at 12.) Castillo states Plaintiff "was resisting by trying to get back up and thrashing his body. Handy had his hands on the ground and was trying to push away from the ground." (*Id.*) Castillo reports he placed both hands on Plaintiff's head area to gain compliance with a lawful order. (*Id.*) Castillo states Plaintiff "turned his head toward [Castillo's] right hand and bit" Castillo with his teeth. (*Id.*) Castillo pulled his hand away from Plaintiff's teeth and punched Plaintiff twice with his right fist, causing Plaintiff to "turn his face and mouth away from" Castillo." (*Id.*) Plaintiff continued to resist by thrashing from side to side despite orders to stop resisting. (*Id.*) Castillo states he placed his right hand on Plaintiff's right wrist and his left hand around his own right hand to force Plaintiff's hand behind his back. (*Id.*) Officer Garcia grabbed Plaintiff's hands and held them behind Plaintiff's back. (*Id.*) Castillo then placed Plaintiff into handcuffs and relinquished custody of Plaintiff to Officers Ochoa and Jimenez. (*Id.*) Castillo was photographed by Investigative Services Unit officers and underwent a medical evaluation. (*Id.*)

In a Supplemental Report dated December 29, 2020, D. Castillo clarified his initial report by answering two questions. (Doc. 14 at 14.) When asked to "clarify and describe" what he meant "by struggling and which officers were involved," Castillo states he "observed approximately two officers on the ground next to Handy and one on his back area. Due to the distance I was from the incident and staff's back facing me, I was unable to identify which staff were involved." (*Id.*) When asked to clarify why he punched Plaintiff twice in the facial area, Castillo responded: "Once I pulled my hand away from Handy's teeth, I observed his face with his mouth open move towards staff's hand that was on his shoulder appearing he was trying to bite again. Fearing he was going to bite the staff member's hand, I struck him with my right fist in the facial area to

1  subdue his attack. My use of force had negative results as Handy continued to move his face with
2  his mouth open towards the staff member's hand that was on Inmate Handy's shoulder. To
3  prevent Inmate Handy from biting the staff member's hand, I punched him in the facial area to
4  subdue his attack. My use of face was effective as Handy turned his face to the other side." (*Id*.)

Seals' Incident Report Statements

In an Incident Report Package dated December 24, 2020, prepared by R. Seals, Seals states he was responding "to a previous incident" and indicates Plaintiff "was one of the inmates that was being housed in FAB4 from Ad-Seg." (Doc. 14 at 13.) Plaintiff "was up and walking around and refusing staffs orders to enter his assigned cell." (*Id*.) Plaintiff walked toward the stairs and told staff they would have to "'spray'" him because he was "'not going in a cell.'" (*Id*.) Seals states Officer Macias gave Plaintiff a direct order to place his hands behind his back, but Plaintiff refused. (*Id*.) When Macias attempted to place Plaintiff in restraints, Plaintiff "swung his left fist striking Officer R. Garcia in the right side of the face." (*Id*.) Seals states Officers Figueroa, Garcia and Macias used physical force to take Plaintiff to the ground. (*Id*.) Seals was "unable to observe any hand placement" or determine which officer placed Plaintiff in restraints. (*Id*.) Seals "announced a Code 1 Battery on Staff and requested the Investigative Services Unit," and instructed Officers Ochoa and Jimenez to escort Plaintiff to a holding cell; medical staff were notified that Plaintiff needed a medical report completed "for Administrative Segregation placement." (*Id*.) Seals notes Plaintiff "was uncooperative with medical staff and did not allow them to conduct a medical evaluation of his person." (*Id*.)

Horn's Incident Report Statements

In an Incident Report Package dated December 24, 2020, prepared by D. Horn, Horn states he responded to a request for assistance from the Investigative Services Unit ("ISU"). (Doc. 14 at 15.) Horn, an assistant institutional gang investigator, responded along with Officer J. Bryan and ISU Officer M. Chavez. (*Id*.) Horn was advised by the response supervisor that Plaintiff had battered Officers R. Garcia and D. Castillo. (*Id*.) Horn and Bryan contacted Plaintiff in a holding cell. (*Id*.) Bryan attempted to photograph Plaintiff for documentation purposes, but Plaintiff was uncooperative. As a result, Bryan took photographs of Plaintiff inside the holding cell while Horn

1  held "a lead card." (*Id.*)

## Consideration of the Exhibits & Plaintiff's Claim

The Court construes a pro se complaint liberally. *Barrett v. Belleque*, 544 F.3d 1060, 1062 (9th Cir. 2008); *Hebbe*, 627 F.3d at 342. The Court also accepts Plaintiff's factual allegations as true and views all inferences in a light most favorable to Plaintiff. *Zimmerman v. City of Oakland*, 255 F.3d 734, 737 (9th Cir. 2001). However, a court "need not [] accept as true allegations that contradict matters properly subject to judicial notice or by exhibit." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). Rather, a party can "plead himself out of a claim by including unnecessary details contrary to his claims" in exhibits to a complaint that are "fatal to his claims." *Id*. at 988-89.

Following review of the exhibits attached to the first amended complaint, the Court finds Plaintiff's has pled "himself out of a claim by including unnecessary details contrary to his" claim and that are "fatal" to his claim. *Sprewell*, 266 F.3d at 988-89; *Spencer v. Kokol*, 744 F. App'x 515 (9th Cir. 2018) (finding that district court properly dismissed prisoner's complaint at screening, citing *Sprewell*, 266 F.3d at 988); *Raiser v. City of Los Angeles*, 698 F. App'x 412, 413 (9th Cir. 2017) (same); *Morales v. Cribbs*, 633 F. App'x 434 (9th Cir. 2016) (same); *King v. Capps*, 384 F. App'x 601, 602 (9th Cir. 2010) (same); s*ee also Montenegro v. Anthony*, No. 1:21-cv-01449-JLT-HBK (PC), 2023 WL 3380560, at *3 (E.D. Cal. May 11, 2023) (recommending dismissal where plaintiff's exhibit establishes he was not denied pain medication, contrary to his allegations in the amended complaint); findings and recommendations adopted 2023 WL 4088402 (E.D. Cal. June 20, 2023); *Harris v. Atchley*, No. 21-cv-06577-EMC, 2022 WL 137728, at *8 (N.D. Cal. Jan. 14, 2022) (finding plaintiff's "own allegations and exhibits reveal that no" constitutional violation occurred); *Kamali v. Stevens*, No. 1:19-cv-01432-LJO-BAM (PC), 2020 WL 417691, at *4 (E.D. Cal. Jan. 27, 2020) (finding exhibits to complaint "contain factual allegations that undermine Plaintiff's excessive force claim"); *Barber v. Santa Barbara County*, No. CV 13-4645 DMG (MRW), 2014 WL 12966958, at * 1 (C.D. Cal. Dec. 12, 2014) ("according to the exhibits to Plaintiff's complaints, the staff made attempts … to clean the cell on various occasions. …Plaintiff effectively pled himself out of a claim by undercutting his

1  allegations of their malicious actions and intent"); *Smith v. Swaney*, No. CIV S-04-0703 MCE
2  KJM P, 2007 WL 249714, at *2 (E.D. Cal. Aug. 24, 2007) ("By attaching the memo regarding
3  this grievance, plaintiff has pled himself out of a claim," citing *Sprewell*).
4      In sum, Plaintiff cannot state a cognizable Eighth Amendment excessive force claim
5  against Defendant Castillo. The Court finds granting leave to amend would be futile. *Hartmann v.*
6  *CDCR*, 707 F.3d 1114, 1130 (9th Cir. 2013) ("A district court may deny leave to amend when
7  amendment would be futile"); accord *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000)
8  ("Courts are not required to grant leave to amend if a complaint lacks merit entirely").

## V.   CONCLUSION AND RECOMMENDATIONS

For the reasons set forth above, **IT IS HEREBY RECOMMENDED** that Plaintiff's first amended complaint be dismissed without leave to amend for failure to state a claim.

These Findings and Recommendations will be submitted to the district judge assigned to this case, pursuant to 28 U.S.C. § 636(b)(l). Within 14 days of the date of service of these Findings and Recommendations, a party may file written objections with the Court. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may result in waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan,* 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **February 28, 2024**          /s/ *Sheila K. Oberto*
                                      UNITED STATES MAGISTRATE JUDGE