1

2

3

4

5                           UNITED STATES DISTRICT COURT

6                           EASTERN DISTRICT OF CALIFORNIA

7

8      MICHAEL HANDY,                        Case No.: 1:22-cv-01160-KES-SKO (PC)

9                      Plaintiff,            **ORDER ADOPTING FINDINGS AND RECOMMENDATIONS**

10     v.
                                             (Doc. 16)
11     DAVID CASTILLO,

12                     Defendant.

13

14          Plaintiff Michael Handy is a state prisoner proceeding pro se and *in forma pauperis* in this

15     civil rights action pursuant to 42 U.S.C § 1983. This matter was referred to a United States

16     magistrate judge pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 302.

17          On February 28, 2024, the assigned magistrate judge issued findings and

18     recommendations, recommending that this action be dismissed for plaintiff's failure to state a

19     claim upon which relief could be granted.  Doc. 16.  Plaintiff's first amended complaint alleged a

20     single excessive force claim against David Castillo; however, the magistrate judge found that

21     plaintiff's exhibits filed with the first amended complaint fatally contradicted plaintiff's claim.

22     *Id.* at 7 (citing *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001)).  The

23     findings and recommendations were served on Plaintiff and provided him 14 days to file

24     objections thereto.  *Id.* at 8.  No objections have been filed and the time to do so has now passed.

25     *See* docket.

26          An Eighth Amendment excessive force claim requires that a plaintiff allege facts to

27     suggest the force was excessive and not a good faith effort to maintain or restore discipline, or

28     that the force was maliciously and sadistically applied to cause harm.  *Hoard v. Hartman*, 904

F.3d 780, 788 (9th Cir. 2018) (citing *Hudson v. McMillian*, 503 U.S. 1, 7 (1992)).  Plaintiff's allegation that defendant used excessive force, by punching him twice in the face while he was restrained, is contradicted by plaintiff's own exhibit, which indicates that he was actively resisting officers, including by trying to bite them, and was not yet fully restrained.  A plaintiff can "plead himself out of a claim by including unnecessary details contrary to his claim." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).  Plaintiff has done so here by including details that are explicitly contrary to a finding that the force was excessive.  Plaintiff includes incident reports as an exhibit to his first amended complaint.  These reports indicate that plaintiff was resisting lawful orders at the time of the incident, that plaintiff bit defendant's hand and was attempting to bite another officer when defendant punched him twice to deter him, and that guards handcuffed plaintiff only after the punching occurred. *Id.* at 12.

In accordance with the provisions of 28 U.S.C. § 636(b)(1), the court has conducted a *de novo* review of this case.  Having carefully reviewed the file, the court finds the findings and recommendations to be supported by the record and proper analysis.

Accordingly, it is **HEREBY ORDERED** that:

1.  The findings and recommendations issued on February 28, 2024, Doc. 16, are **ADOPTED**;

2.  Plaintiff's first amended complaint is **DISMISSED** without leave to amend for a failure to state a claim upon which relief can be granted; and

3.  The Clerk of the Court is directed to terminate all pending motions and to close this case.

IT IS SO ORDERED.

Dated:   June 21, 2024

UNITED STATES DISTRICT JUDGE

2